IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENT BELL,<br><br>  Petitioner,<br><br>v.<br><br>WARDEN GREGORY A. WERNER, et al.,<br><br>  Respondents. | Civil Action No.:  SAG-22-675 |

**MEMORANDUM**

The above-captioned Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C.§ 2254, was received for filing on March 21, 2022.  ECF No. 1.  Petitioner Kent Bell also filed two supplements to his Petition.  ECF Nos. 2, 5.  He challenges his 2013 conviction for child sexual abuse, second-degree sexual offense, and two counts of third-degree sexual offense.  The Attorney General was directed to file an Answer to the Petition, and did so on June 14, 2022; Petitioner replied June 23, 2022.  ECF Nos. 8, 9.  The Answer points out that this is not Petitioner's first habeas petition.  ECF No. 8 at 6.[1]  Petitioner previously sought habeas relief in this Court on one other occasion.  *See Bell v. Richard Dovey, et al.*, Case No. GLR-19-2470 (D. Md.).

Under 28 U.S.C. § 2244, Petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996).  However, a second petition for writ of habeas corpus is not "successive" if the claims asserted were not ripe at the time the first petition was filed.  *See Panetti v. Quarterman*, 551 U.S. 930, 942-47 (2007) (death penalty Eighth Amendment claim in a second application was

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case File (CM/ECF) system.

not subject to the gatekeeping mechanism of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) because the first petition was filed before an execution date was scheduled), *accord United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014); *see also Hicks v. Clarke,* 3:15CV405, 2016 WL 8731440, at *8 (E.D. Va. Sept. 30, 2016), appeal dismissed, 682 Fed. Appx. 253 (4th Cir. 2017), cert. denied, 138 S. Ct. 199 (2017) (holding *Brady*[2]-based second-in-time petitions do not fall within the ripeness exception where the facts underlying the claim existed when the first petition was filed). "Congress has empowered the courts of appeals to authorize the filing of a second or successive habeas petition where 'the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b) ].'" *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000) (alteration in original) (quoting 28 U.S.C. § 2244(b)(3)).  As the *Evans* court observed:

> [A] petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a *new rule of constitutional law*, *see* 28 U.S.C. §2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of §2244(b)(2)(B)(i) and §2244(b)(2)(B)(ii). These requirements serve the important interests in finality and respect for state court judgments that underlie the statutory habeas scheme. . . . At the same time, the statute affords an opportunity to bring new claims where the petition can show he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue.

*Id*. (emphasis supplied).  Here, Petitioner has made no showing that the issues raised in the instant Petition and Supplements were not available to him when he filed his first habeas petition.

Thus, the pending Petition is successive; and this Court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the Court to do so.  *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).  Because

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

it does not appear that Petitioner has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Petitioner must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude Petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a Certificate of Appealability.

A separate Order will follow.

February 28, 2023                             /s/
Date                                                  Stephanie A. Gallagher
                                                          United States District Judge